Joseph J. Cassata, Esq. City Attorney, Tonawanda
You have asked whether a person may hold the office of city councilperson if her husband serves the same municipality as the superintendent of public works.
The common law doctrine of compatibility of office is not applicable here since the doctrine concerns whether one person may hold simultaneously two or more public offices or positions of employment. However, public officers have the responsibility to exercise their official functions and duties solely in the public interest. Public officers should avoid circumstances which compromise their abilities to make impartial judgments. Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
In our view, the member of the city council should avoid participating in any matter which may compromise these standards. Included are any matters relating to the employment, compensation and other terms and conditions of employment of her husband, the superintendent of public works. In our view, acting in these situations might reasonably create a conflict or at least an appearance of conflict for the legislator.
We note that the governing body of each local government is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees (General Municipal Law, §806[1]). The code is required to include standards with respect to disclosure of interest in legislation before the local governing body(ibid.). We recommend that you review your city's code of ethics to determine whether there is an applicable requirement or prohibition.
We conclude that a local legislator should recuse herself from participating in matters affecting the compensation, employment and other conditions of employment of her husband, the superintendent of public works.